# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON CAMPBELL,

        Plaintiff,

 v.                                         Case No. 04-C-807

BROWN COUNTY, et al.,

        Defendants.

## ORDER

Plaintiff filed a motion to compel, seeking information about the identities of numerous individuals who have committed suicide or otherwise harmed themselves in the Brown County Jail. The defendants have produced numerous documents, but have redacted information about the identities of the individuals involved. They object to the motion to compel on the grounds of relevance and the privacy of the inmates.

The first objection is that the identities of the inmates are irrelevant because they had no involvement in the claim brought by this plaintiff. But relevance is largely for the plaintiff to decide, especially when there is no indication that the request is made for improper purposes or is part of a fishing expedition. Here, the names have simply been redacted, and it would not be unduly burdensome for the defendants to make such information available. In circumstances like these, we must presume that plaintiffs (and especially their counsel) have no interest in wasting resources or pursuing wholly irrelevant information. And, in the context of § 1983, the scope of inquiry is even broader when the county's policies and procedures might be implicated. The rules require merely

that the information could lead to relevant information, and the defendants have not convinced me that the information sought here cannot.

I am similarly unpersuaded by the defendants' purported privacy concerns. To the extent any revelations would actually lead to embarrassment, as the defendants fear, it would be extremely limited given the entry (herein) of a protective order. The defendants extensively cite *Northwestern Memorial Hospital v. Ashcroft,* 362 F.3d 923 (7th Cir. 2004), but that was a case about production of sensitive medical records from civilians who had the procedure known as partial-birth abortion performed at that hospital. The court there appeared to be concerned with repercussions from the "outing" of any women who had undergone that procedure, *id.* at 929, rather than merely any vague embarrassment that might unfortunately ensue. There was also no indication of relevance. Thus, the concerns behind the *Northwestern* decision are not present here. Moreover, the individuals involved in this case are not civilians but jailed inmates committed to the custody of the state. As such, although they do not of course sacrifice all of their privacy, the public's interest in how they are treated (with tax dollars), as well as the very nature of involuntary confinement, nevertheless subject them to a lower threshold for disclosure.

Accordingly, the motion to compel is **GRANTED**, and defendants shall provide non-redacted copies of all relevant records to the plaintiff, such records to be kept confidential in accordance with the protective order already entered in this case.

**SO ORDERED.**

Dated this   17th   day of October, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
